# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| PLENTYWOOD HARDWARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY MUTUAL GROUP, INC. and AMERICAN FIRE AND CASUALTY COMPANY, <br><br> Defendants. | CV 15-45-GF-BMM <br><br> **ORDER REMANDING CASE** |

## I. BACKGROUND

Defendants, Liberty Mutual Group, Inc., and American Fire and Casualty Company (collectively "Liberty Mutual"), removed this case from the Montana Fifteenth Judicial District Court, Sheridan County, on June 8, 2015, based on this Court's original jurisdiction under 28 U.S.C. §1332(a)(1). (Doc. 1.) Plaintiff, Plentywood Hardware, Inc., ("Plentywood"), filed a Motion to Remand based on its claim that the amount in controversy was insufficient. (Doc. 6). Plentywood has filed affidavits of Vice Presidents of Plentywood Hardware, Dennis Chandler ("Chandler"), and Chris Wiens ("Wiens"), in support of the Motion to Remand. The affidavits attest that the combined total damages at issue in this case fail to meet or exceed $75,000. (Doc. 6-1; Doc. 18-1.)

1

Liberty Mutual asserts that Plentywood involuntarily dissolved on December 4, 2007. Liberty Mutual argues that Plentywood can bring a lawsuit only it its own name for events that occurred before its dissolution. Liberty Mutual contends that the conduct that gave rise to this lawsuit occurred after Plentywood had dissolved. As a result, Liberty Mutual argues that the affidavits fail to bind Plentywood. (Doc. 9 at -10.) The Court directed the parties to submit additional briefing regarding Plentywood's corporate status. Both parties submitted briefs on the issue. (Doc. 21; Doc. 22.)

## II. DISCUSSION

### A. Corporate Status

Plentywood originally incorporated with the Montana Secretary of State on July 29, 2004. (Doc. 21 at 2.) The Secretary of State involuntarily dissolved Plentywood on December 4, 2007, after it failed to file its annual reports. (Doc. 21 at 2.) Plentywood continued to operate. (Doc. 22 at 2.)

Plentywood purchased an insurance policy from American Fire & Casualty Company effective from March 1, 2014, to March 1, 2015. The underlying claim in this case arose from two hail storms that caused damage to Plentywood's building. The first storm took place on May 26, 2014, and the second one on July 6, 2015 (Doc. 22 at 2.) Plentywood re-incorporated on August 5, 2015. (Doc. 21 at 2.)

Liberty Mutual argues that Plentywood forfeited its rights to transact business when it dissolved. Liberty Mutual contends that Plentywood's directors held the building at the time it was damaged. (Doc. 22 at 3.)

A dissolved corporation continues to exist to wind up and liquidate its business and affairs, but may not continue to carry on business. Mont. Code Ann. § 35-1-935(1). A dissolved corporation can bring a proceeding in its corporate name. Mont. Code. Ann. § 35-1-935(2)(e). The Montana Code Annotated § 35-1-937, provides in pertinent part:

> [T]he dissolution of a corporation, including by the expiration of its term, does not take away or impair any remedy available to or against the corporation or its officers, directors or shareholders for any claim or right, whether or not the claim or right existed or accrued prior to dissolution. A proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

Liberty Mutual argues that the conduct giving rise to a lawsuit must occur before the corporation dissolves. (Doc. 22 at 11.)

The Montana Supreme Court has not addressed whether a corporation can prosecute or defend a lawsuit over events that occur after the corporation has dissolved. The Montana Supreme Court has addressed the situation where events that occurred before dissolution gave rise to injury that accrued after dissolution. *Allen v. A. Richfield Co.*, 124 P.3d 132, 135 (Mont. 2005). The corporation in *Allen* operated a vermiculate expansion plant where it manufactured and sold products containing asbestos. *Id.* at 133. The corporation dissolved in December 1989. *Id.*

Plaintiffs filed suit in July, 2001 for injuries stemming from asbestos related disease. *Id.* The Court looked to Montana Code Annotated §§ 35-1-935 and 35-1-937. The Court determined that theses statutes "maintain the status quo concerning corporate rights and responsibilities before and after dissolution." *Id.* at 135. The Court in *First Security Bank of Glendive v. Gary*, 798 P.2d 523, 524 (Mont. 1990), likewise determined that the corporation, rather than the individual, represented the real party in interest when damages arose while the corporation owned and operated the business. These statutes appear to allow a proceeding by the corporation to be "prosecuted" by the corporation in its corporate name. Mont. Code Ann. § 35-1-937.

A Montana district court has addressed a situation where the events giving rise to the cause of action occurred after the corporation dissolved. The court allowed an injured worker to bring a tort action against his employer's general partner-corporation, pursuant to Montana Code Annotated § 35-1-937, even though the general partner corporation had been defunct for four years before the worker's accident. *Skramstad v. Plum Creek Merger Co., Inc.,* 45 F. Supp. 2d 1022 (D. Mont. 1999).

Liberty Mutual also argues that Plentywood possessed no ownership interest in the Plentywood building damaged by the hailstorm. (Doc. 22 at 7.) Liberty Mutual contends that Plentywood cannot be reinstated after it had been dissolved

for more than five years. Liberty Mutual reasons that Plentywood's directors own its corporate assets and represent the proper plaintiffs to this action. (Doc. 22 at 7.)

The directors of a corporation hold the corporation's property in trust when the corporation has been involuntarily dissolved. Mont. Code. Ann. § 35-6-104(5). No transfer of the title of property to the directors takes place. Mont. Code Ann. § 35-1-935(2)(a). "The shareholders of a dissolved corporation have a vested equitable interest in corporate property subject to creditor claims, but still do not have a legal ownership interest." *State v. Debus*, 59 P.3d 1154, 1159 (Mont. 2002). Shareholders take legal ownership interest in corporate assets only after creditors are paid and the corporation's winding up has been completed. *Id.*

These decisions lead the Court to conclude that a dissolved corporation can bring a proceeding in its corporate name under Montana law. Plentywood retained legal property rights in the damaged building and other corporate assets after its involuntary dissolution. Plentywood has submitted affidavits from Chandler and Wiens, as agents of the involuntarily dissolved corporation, that bind the corporation.

**B. Amount in Controversy**

Liberty Mutual alleges that Chandler's affidavit failed to show that the amount in controversy was less than $75,000. Liberty Mutual argues that the affidavit failed to state affirmatively that Plentywood would not seek more than $75,000.

5

(Doc. 9 at 3.) Plentywood filed Wien's affidavit in response. Wien attested that Plentywood would "not seek to recover damages in excess of $75,000.00."

The District Court possesses original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C.A § 1332(a)(1). A federal court can require a plaintiff to file an affidavit or stipulation stating that he will not seek to recover damages in excess of $75,000 as a pre-condition for remand. *Sherman v. Nationwide Mut. Ins. Co.,* CV 12-152-M-DLC-JCL, 2013 WL 550265, at *2 (D. Mont. Jan. 15, 2013) report and recommendation adopted, CV 12-152-M-DLC-JCL, 2013 WL 550659 (D. Mont. Feb. 12, 2013). Plaintiffs provided an affidavit in *Sherman* stating that they would "not claim more than $75,000 in damages." The court determined that the amount in controversy failed to satisfy the jurisdictional requirement. *Id.*

Plentywood has submitted Wiens's affidavit which states that Plentywood seeks $51,135.58 in total damages. (Doc. 18 at 2.) Wien affirmatively attested that Plentywood will seek no additional damages. (Doc. 18 at 2.) The amount in controversy fails to satisfy the jurisdictional requirement.

**IT IS ORDERED** that Plaintiff's Motion to Remand, Doc. 6, is **GRANTED**. This case is **REMANDED** to the Montana Fifteenth Judicial District Court, Sheridan County.

DATED this 28th day of September, 2015.

Brian Morris
United States District Court Judge